No. 201　　　　March 27, 2024　　　　651

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOEL CHARLES JONES, JR.,
*Defendant-Appellant.*

Curry County Circuit Court
21CR56446; A178811

Cynthia Lynnae Beaman, Judge.

Submitted February 26, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Silberman, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant was convicted of unlawful taking of wildlife (Count 1), ORS 496.996, hunting during prohibited hours (Count 2), ORS 498.002, hunting without a big game tag (Count 3), ORS 497.075, and hunting without a resident hunting license (Count 4), ORS 497.075, after being caught in an Oregon State Police decoy operation near Gold Beach. On appeal, defendant raises two assignments of error challenging the denial of his suppression motion and the denial of his motion for judgment of acquittal on Counts 2, 3, and 4. For the following reasons, we affirm.

Because the parties are aware of the underlying factual and procedural history, we do not provide a recitation of those details for this nonprecedential memorandum opinion.

In the first assignment, defendant contends that the trial court erred in denying his motion to suppress his statements. Before the trial court, defendant made an oral motion to suppress evidence during closing argument, specifically asserting that he was under "constructive custody" and that, as a result, he should have been given *Miranda* warnings. On appeal, however, defendant argues that *Miranda* warnings were required because he was in compelling circumstances. The state contends that defendant's argument is unpreserved and that, in any event, the argument fails on the merits.

It is well settled that the purposes of the preservation requirement are (1) to apprise the trial court of a party's position such that the court can consider and rule on the party's contention, (2) to ensure fairness to the opposing party by avoiding surprise and allowing that party to address all issues raised, and (3) to foster full development of the record. *State v. Roberts*, 291 Or App 124, 130, 418 P3d 41 (2018). Here, defendant failed to file a timely written motion prior to trial, and that deprived the state and court of the opportunity to address the specific legal issues and develop the record before the evidence was admitted. *See* ORS 133.673 ("Objections to use in evidence of things seized in violation of [ORS 133.525] shall be made by a motion to suppress which

shall be heard \* \* \* in advance of trial."); ORS 133.535 (listing property and persons subject to search and seizure); *see also* UTCR 4.060(1)(a) (providing that a motion to suppress "[m]ust cite any constitutional provision, statute, rule, case, or other authority upon which it is based"); UTCR 4.060(1)(b) (providing that a motion to suppress "[m]ust include in the motion document the moving party's brief, which must sufficiently apprise the court and the adverse party of the arguments relied upon"). Additionally, defendant's argument on appeal regarding "compelling circumstances" is substantively different than the one he made before the trial court regarding "constructive custody." *Compare State v. Roble-Baker*, 340 Or 631, 640-43, 136 P3d 22 (2006) (describing factors and considerations that create "compelling circumstances"), *with State v. Thomas*, 229 Or App 453, 457-60, 211 P3d 979 (2009) (considering circumstances sufficient to place a defendant in "constructive custody"). Accordingly, because defendant's argument is unpreserved and he does not ask for plain-error review, we do not disturb the trial court's ruling on the suppression motion.

In the second assignment of error, defendant argues that the trial court erroneously denied his motion for judgment of acquittal on Counts 2, 3, and 4 because the evidence was insufficient to conclude that he attempted to "hunt" "wildlife" as those terms are defined in the statutory framework. *See* ORS 496.004(10) (defining "Hunt" as "to take or attempt to take any wildlife by means involving the use of a weapon or with the assistance of any mammal or bird"); ORS 496.004(19) (defining "Wildlife" to include "wild mammals" as defined by rule). Defendant argues that shooting at a decoy that he believed to be a deer is not an attempt to take "wildlife." Defendant acknowledges that we have previously rejected the same argument in *State v. Stockert*, 303 Or App 314, 323, 464 P3d 151, *rev den*, 376 Or 76 (2020) (concluding that the defendant attempted to take wildlife when he shot at a decoy that he believed to be a deer). Nonetheless, he asks that we overrule that decision as plainly wrong. We have reviewed defendant's argument and are unpersuaded. *See State v. Civil*, 283 Or App 395, 406, 416, 388 P3d 1185 (2017) (explaining that overruling a prior decision requires a party to establish that the decision was plainly wrong, a

"rigorous standard grounded in presumptive fidelity to *stare decisis*"). Accordingly, given our decision in *Stockert*, we conclude that the trial court did not err in denying defendant's motion for judgment of acquittal.

Affirmed.